IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | | |
|---|---|---|
| In re: | * | |
| Scott S Wood, | * | Case No. 10-14915 |
| Susan Gayle Wood | * | |
| aka Susan G Grinold Wood | * | Chapter 7 |
| | * | |
| Debtors | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| SCOTT S. WOOD | * | |
| SUSAN GAYLE WOOD | * | |
| | * | |
| Plaintiffs | * | Adv. Proceeding: _____ |
| | * | |
| v. | * | |
| | * | |
| LCS Financial Services Corporation | * | |
| | * | |
| Serve On: | * | |
| Registered Agent Solutions, Inc. | * | |
| 8007 Baileys Lane | * | |
| Pasadena, MD 21122 | * | |
| Resident Agent | * | |
| | * | |
| -and- | * | |
| | * | |
| Leo C. Stawiarski, Jr., CEO and | * | |
| President | * | |
| 6782 S. Potomac St., Suite 100 | * | |
| Centinnial, CO 80112 | * | |
| Corporate Officer | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

**COMPLAINT SEEKING CONTEMPT REMEDIES FOR
<u>FOR VIOLATION OF THE AUTOMATIC STAY</u>**

COME NOW Scott S. Wood and Susan Gayle Wood (the "Debtors" or "Plaintiffs"), by and through their attorney of record, Alon J. Nager and Nager Law Group, LLC ("Counsel"), and state as follows:

## JURISDICTION AND PARTIES

1.  This adversary proceeding arises in and relates to the Chapter 7 case of the Debtors/Plaintiffs, which was reopened by this Court on September 21, 2018 (Doc No. 31). This Court thus has jurisdiction over this adversary proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtors, pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Debtors consent to entry of a final order by the Bankruptcy Judge.

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  Plaintiffs are residents of Frederick County, Maryland and were individual debtors under Chapter 7 of Title 11 of the United States Code in Case Number 10-14915, which was filed on March 9, 2010 (the "Petition Date").

4.  LCS Financial Services Corporation (the "Defendant" or "LCS") is a Colorado corporation that, upon information and belief, is duly authorized to do business in the State of Maryland.  The listed resident agent is Registered Agent Solutions, Inc. and whose registered agent's mailing address is Registered Agent Solutions, Inc., 8007 Baileys Lane, Pasadena, MD 21122.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### The Bankruptcy

5.  On March 9, 2010 (the "Petition Date"), the Debtors filed a Chapter 7 bankruptcy petition (case #10-14915) in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division.

6.  In their initial filing, the Debtors included a master mailing matrix and listed Defendant's predecessor-in-interest ("Wells Fargo") thereon (*See* Creditor Mailing Matrix annexed hereto as Exhibit "A").

7.  The addresses listed on the Mailing Matrix for Wells Fargo were P.O. Box 14411, Des Moines, IA 50306-3411 and P.O. Box 5169, Sioux Falls, SD 57117-5169 (*see Id.*).

8.  The Court docket report does not list any mail as having been returned.

9.  The Court entered a discharge in the case on July 12, 2010 (Doc No. 26).

10. A copy of the discharge was sent to Wells Fargo by the Court.

11. The Court issued a Final Decree and closed the case on July 13, 2010 (Doc No. 27).

12. The case was reopened by Order dated September 21, 2018 (Doc No. 31) to permit the filing of this Adversary Proceeding.

### Other Background

13. The Debtors purchased a home located at 14010 Silver Fern Drive, Mount Airy, MD 21771 (the "Property") in early 2007. The deed was recorded among the Land Records of Frederick County, Maryland on April 18, 2007 at Book 6546, Pages 111-115.

14. The Debtors executed a purchase money deed of trust ("Deed of Trust") in favor of 1st American Mortgage on April 10, 2007 (*See* Exhibit "B").

15. The Deed of Trust was recorded among the Land Records of Frederick County, Maryland on April 17, 2007 at Book 6546, Pages 116-130.

16. The Deed of Trust secures all sums due pursuant to an "Interest-Only Period Fixed Rate Note" dated April 10, 2007 (the "Note") (*See* Exhibit "C").

17. The allonge to the Note assigned the Note to Wells Fargo Bank, N.A. ("Wells Fargo").

18. The Deed of Trust was later assigned to Wells Fargo (*See* Corporate Assignment Deed of Trust annexed hereto as Exhibit "D").

19. Substitute Trustees were appointed by Wells Fargo on January 21, 2016 (*See* Appointment of Substitute Trustees annexed hereto as Exhibit "E").

20. On October 12, 2016, the Substitute Trustees sold the Property to Federal Home Loan Mortgage Corporation for the sum of $214,527.00 (*See* Trustee's Deed annexed hereto as Exhibit "F").

21. The Note was assigned from Federal Home Loan Mortgage Corporation to Defendant on March 28, 2017 (*See* Assignment annexed hereto as Exhibit "G").

22. The Assignment states that, "Assignee shall have full right to maintain an action on the claims hereby assigned and to settle, compromise, and to release in full or part the liability thereunder. This Assignment is made by Assignor and accepted by Assignee without any warranties." (*See Id.*)

**Post-Bankruptcy Collections**

23. After the Bankruptcy case, Defendant filed a Motion for Deficiency Decree (the "Motion") against the Debtors in the Circuit Court of Maryland for Frederick County on September 27, 2017 in case number 10-C-16-000502 (the "Lawsuit") (*see* Exhibit "H").

24. The Motion requests damages in the amount of $186,888.61, "plus pre-judgment interest of Ten Thousand Seven Hundred Eighty-Four Dollars and Fifty Cents ($10,784.50), plus reasonable attorney's fees and costs allowed by the Note and Deed of Trust, against the said Scott S. Wood and Susan G. Wood, upon due notice being given by summons or otherwise as the Court may direct to said mortgagors. (*See Id.*)

25. In the Motion, Defendant also requested Attorney's Fees of $28,033.29 in addition to the damages stated in Paragraph 24 supra.

26. In the "Affidavit in Support of Prayer for Reasonable Attorney's Fees, Defendant's counsel stated, "In this particular case, counsel prepared the complaint, reviewed the claimed indebtedness, forwarded Fair Debt Collection Letters, ensured proper service and will continue to make diligent efforts to collect all sums due." (*See* Affidavit in Support of Reasonable Attorney's Fees annexed hereto as Exhibit "I").

27. Debtors were served a copy of the Motion on December 2, 2017.

28. Debtors received a missed call from Defendant's counsel on December 7, 2017.

29. Upon learning of the Motion, undersigned Counsel sent a letter to William Schoeberlein, Esq. of Cohn, Goldberg and Deutsche, Attorney for SECU, on December 28, 2017. A copy of the letter is annexed hereto as Exhibit "J".

30. Richard Rogers, Esq. of Cohn, Goldberg and Deutsche sent an email to Defendant's Counsel on January 9, 2018, (A copy of which is annexed hereto as Exhibit "K".) where he stated that, "It is also our procedure to run PACER on any case before suit is filed. For some reason (apparently some sort of IT issue) neither of these cases showed up in our PACER search".

31. Defendant, through counsel, sent a collection letter dated January 11, 2018 to the Debtors (*See* Exhibit "L").

32. The letter states that, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

33. The Lawsuit was dismissed with prejudice on January 17, 2018 (*See* Exhibit "M").

## The Damages to Plaintiff

34. Despite knowledge of the bankruptcy case and notice upon its counsel, the Defendant continued to harass and take collection actions against the Debtors deliberately and without reservation.

35. Defendant's post-discharge conduct has forced Mr. Wood to disclose the Lawsuit to his employer, and he has suffered embarrassment and personal degradation as a result.

36. Mr. Wood holds a top-secret security clearance with the United States Federal Government.

37. The Defendant's actions have caused Mr. Wood to have a permanent mark on his record. Defendant's actions have forced Plaintiff to unnecessarily prove his innocence and justify his good character.  In addition, his job depends upon a security clearance which has been jeopardized by Defendant's actions. Defendant's actions have also caused marital difficulties and stress to the Plaintiffs.

38. Mr. Wood may lose promotion potential, future job prospects or his current job due to the Lawsuit and other actions taken by the Defendant after their debts were discharged in bankruptcy.

39. Based upon the foregoing, Plaintiffs assert the following claims for relief and damages suffered from Defendant's wanton and deliberate actions.

## COUNT I
### (*Violation of the Discharge Injunction*)

40. Plaintiff incorporates by reference every paragraph within this Complaint.

41. Section 727(b) of the Bankruptcy Code states that,

> "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section

501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title".

42. Section 727 of the Bankruptcy Code discharges a debtor from all pre-petition claims, except certain categories of claims deemed excepted from discharge.

43. Section 524(a) of the Bankruptcy Code implements the Chapter 7 discharge and operates as an injunction that prevents, among other things, the "continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." § 524(a)(2).

44. A violation of the discharge injunction is punished by contempt of court.

45. Determining if a party has committed civil contempt involves essentially only consideration of whether the party knew about a lawful order and whether he complied with it.

46. The above acts by the Defendant were attempts to collect a debt that had been discharged under 11 U.S.C. § 727.

47. Specifically, the Motion filed against the Debtors in the Circuit Court for Frederick County came despite knowledge of the discharge. Also, at least one (1) related missed phone call was made and at least one (1) collection letter was sent after the Defendant's attorneys were warned that they had violated the Debtors' discharge.

48. Plaintiffs have been damaged by Defendant's acts and are entitled to actual damages, punitive damages and legal fees under 11 U.S.C. §105.

49. Defendant's actions constitute contempt of a bankruptcy court order. Defendant's actions violate 11 U.S.C. §§524 and 727 by continuing debt collection activities against the Plaintiffs for a debt that was included in Plaintiffs' bankruptcy case.

50. Defendant failed to cease debt collection activities against the Plaintiffs even after receiving notice.

51. Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees under 11 U.S.C. §§ 105 and 362.

**WHEREFORE**, Plaintiffs having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiffs have and recover against Defendant, a certain sum to be determined by the Court in the form of actual damages;

B. Defendant's actions were knowingly and deliberately inappropriate and damaging to Plaintiffs, so as to warrant punitive damages in a sum to be determined by the Court;

C. That the Plaintiffs have and recover against the Defendant, all reasonable legal fees and expenses in an amount to determined at time of trial;

D. That the Defendant be held in contempt for violation of the discharge injunction;

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Alon J. Nager
_____
Alon J. Nager, Bar No. 28551
NAGER LAW GROUP, LLC
8180 Lark Brown Road, Suite 201
Elkridge, Maryland 21075
Tel: 443-701-9669
alon@nagerlaw.com

Attorney for Plaintiffs

Dated: October 31, 2018